(No. 2503—)

WOLFF COMPANY, A CORPORATION. Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 31, 1935.*
*Rehearing denied October 17, 1935.*

WM. JAFFE and WM. S. COLLEN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

In its declaration claimant asks for an award of One Thousand Eight Hundred Seventeen and 79/100 Dollars ($1,817.79) but its Bill of Particulars attached shows a total claimed indebtedness of One Thousand Four Hundred Ninety-one and 96/100 Dollars ($1,491.96). Under a stipulation of facts filed herein it appears that plaintiff made a verbal contract on June 17, 1929 with Charles R. Ewing who held a contract with the State of Illinois for furnishing necessary plumbing and sewerage materials in the construction of an Armory at Randolph Street and Lake Michigan in Chicago, Illinois; that pursuant to such verbal contract claimant furnished the materials and supplies listed in its Bill of Particulars in a total sum of One Thousand Four Hundred Ninety-One and 96/100 Dollars ($1,491.96) and that said materials and supplies became a permanent part of the said Armory Building; the first of said supplies being furnished on the 17th day of June, A. D. 1929, and the final delivery on the 29th day of June, A. D. 1929; that no agreed price or time of payment was stipulated but that the said sum of One Thousand Four Hundred Ninety-one and 96/100 Dollars ($1,491.96) was a fair and reasonable value and that the said sum then and there became due and owing to claimant. It further appears from the record that an affidavit of the furnishing of said supplies was made by an authorized agent for claimant from said Ewing and in accordance with the statute in such case made and provided a copy thereof was served upon the then Auditor of Public Accounts, State Treasurer, Director of Finance and Assistant Director of the Department of Purchases and Construction of the State of Illinois, said service being on the 21st day of October, 1929. The stipulation further shows that on November 19, 1929, claimant filed its bill of complaint in the Superior Court of Cook County against Charles R. Ewing; that an order of default was entered against Charles R.

Ewing on February 29, 1930 and said cause was referred to the Master-in-Chancery. On July 15, 1932 said cause was stricken from the docket of said court and was thereafter reinstated and a decree entered on the 1st day of November, 1933, in said cause whereby the sum of One Thousand Four Hundred Ninety-one and 96/100 Dollars ($1,491.96) was found to be due plaintiff for materials delivered to said Charles R. Ewing with the further sum of Three Hundred Eighteen and 28/100 Dollars ($318.28) interest and Seven and 55/100 Dollars ($7.55) stenographer's charges, making a total of One Thousand Eight Hundred Seventeen and 79/100 Dollars ($1,817.79) for which judgment was rendered against said Charles R. Ewing; and said plaintiff being the claimant herein, was thereby given a lien against such portions of money, bonds and warrants appropriated for the construction of said Armory Building, against which no vouchers or other evidence of indebtedness had been issued to Ewing at the time of the service of the notice upon the several State officers as above referred to. The stipulation further recites that neither Charles R. Ewing or anyone in his behalf has been paid any part of the said sum; that subsequent to the decree above stated claimant attempted to effect a settlement of his claim but was advised that the appropriation covering the subject matter had lapsed.

From the foregoing it might appear that claimant was entitled to redress herein, but the stipulation further shows that Charles R. Ewing who held the contract with the State, defaulted under his contract under date of August 7, 1929 being two months prior to the service of Notice of Lien by claimant. No payments were made to Charles R. Ewing or anyone in his behalf but after his default negotiations were had with his bonding company and on September 10, 1929 a new contract with the Murphy Plumbing Company was awarded, therefore no money, bonds or warrants became due to Ewing. Claims and liens were filed against the Murphy Plumbing Company and the work was finally finished by Gormley and Company with final payment made to them on September 1, 1931.

According to the stipulation herein the debt due claimant as a sub-contractor under Ewing, matured when final delivery of supplies was made by claimant on June 29, 1929. Counsel for claimant was notified on December 13, 1933 by the

Office of the Attorney General that the only place it might seek a remedy was in the State Court of Claims. Claimant had approximately six months thereafter during which a claim might have been filed within the statutory limitation period of five years, but the claim was not filed until September 17, 1934. Both as a matter of jurisdiction and on the merits of the claim an award is denied and the claim dismissed.

OPINION ON REHEARING.

*Per Curiam:*

After a careful consideration of the petition for rehearing filed in the above entitled case we find nothing therein that was not carefully considered by the court in its consideration of the original record herein.

The decision heretofore rendered in this cause is affirmed and the petition for rehearing denied.